UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOEL EDUARDO BATISTA GONZALEZ,

     Petitioner,

v.

Case No. 3:26-cv-535-MMH-PDB

WARDEN, BAKER COUNTY
DETENTION CENTER and
U.S. ATTORNEY GENERAL,

     Respondents.

_____

## **ORDER**

### **I. Status**

Petitioner Joel Eduardo Batista Gonzalez, an immigration detainee, initiated this action by filing a pro se Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) on March 13, 2026. The Federal Respondent (United States Attorney General) filed a Response to Petition for Writ of Habeas Corpus (Doc. 6). Respondent Warden filed a Motion to Dismiss (Doc. 7), arguing he is not a proper respondent in this case. Gonzalez filed a Reply (Doc. 9). This case is ripe for review.

### **II. Background**

Gonzalez, a citizen of Cuba, entered the United States at the Hidalgo, Texas, port of entry on August 3, 2024. Response at 2. Gonzalez did not have

entry documents, and he applied for admission. <u>Id.</u> The Department of Homeland Security (DHS) paroled Gonzalez into the United States; "he was admitted for two years or until August 2, 2026."[1] <u>Id.</u> DHS also issued a Notice to Appear, scheduling a hearing for February 27, 2026. <u>Id.</u> Gonzalez submitted an I-485 (Application to Register Permanent Residence or Adjust Status) on August 8, 2025. <u>Id.</u> at 3.

On November 2, 2025, Florida Highway Patrol stopped a vehicle in which Gonzalez was a passenger. <u>Id.</u> Gonzalez was taken into custody and transported to a United States Immigration and Customs Enforcement facility. <u>Id.</u>

### III. Analysis

The crux of Gonzalez's Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). <u>See</u> Petition at 6–7. As relief, he seeks, <u>inter alia</u>, immediate release. <u>Id.</u> at 7. The Federal Respondent argues that this Court lacks jurisdiction over Gonzalez's claims, he failed to exhaust his

---

[1] According to the Federal Respondent, Gonzalez's parole terminated on April 24, 2025, upon the termination of the categorical parole programs for inadmissible aliens from four countries, including Cuba. Response at 2.

administrative remedies, and he is properly detained under § 1225(b). See Response at 3–12.

The Court is satisfied it has jurisdiction over Gonzalez's claims and further administrative exhaustion would be futile. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778 (M.D. Fla. Apr. 21, 2026); Lopez v. Rhoden, No. 3:26-CV-94-MMH-PDB, 2026 WL 931190 (M.D. Fla. Apr. 7, 2026); Garcia v. Warden, No. 3:26-CV-271-MMH-SJH, 2026 WL 900145 (M.D. Fla. Apr. 2, 2026). As to the merits, the United States Court of Appeals for the Eleventh Circuit has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, - - - F.4th - - -, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Gonzalez, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Gonzalez was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at *21 (recognizing the "longstanding border-interior

3

distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Nevertheless, even if <u>Hernandez Alvarez</u> is not applicable, the Court finds its previous opinion on this issue applies with equal force to this case. <u>See</u> <u>Valencia v. Noem</u>, No. 3:26-CV-297-MMH-PDB, 2026 WL 730318 (M.D. Fla. Mar. 16, 2026). Indeed, given that Gonzalez has been residing here for some time, he is not properly detained under § 1225(b)(2) as the Federal Respondent contends and the Court finds that release is the appropriate remedy. <u>See</u> <u>Fonseca</u>, 2026 WL 1072778 at *5 (finding immediate release to be the appropriate remedy based on the government's failure to argue in the alternative that petitioner would be subject to § 1226 and the government's inability to guarantee that a bond hearing would be held[2]).

Accordingly, it is **ORDERED**:

1.    Gonzalez's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED**. Respondents shall release Gonzalez **within 24 hours of this Order**. At least five (5) hours before releasing Gonzalez,

---

[2] In the <u>Fonseca</u> case, the federal respondents represented that they would attempt to "facilitate" a bond hearing if the Court ordered one. <u>Fonseca</u>, 2026 WL 1072778, at *5. Here, the Federal Respondent did not include that statement in its Response. But the Court still finds that release is appropriate here. The Federal Respondent certifies that it is holding Gonzalez under § 1225(b)(2), <u>see</u> Response at 3, and the Court finds that § 1225(b)(2) does not apply to Gonzalez. Thus, without any lawful basis for this detention, Gonzalez is entitled to immediate release.

Respondents shall provide Gonzalez with access to a telephone to arrange transportation from the detention facility

2.     Respondent Warden, Baker County Detention Center's Motion to Dismiss (Doc. 7) is **DENIED**. See, e.g., Fonseca, 2026 WL 1072778, at *4–5.

3.     The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition as to Count One, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of May, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 5/21
c:
Joel Eduardo Batista Gonzalez
Counsel of Record

5